IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| ROBERT M. TAYLOR, III, et al.       ) | |
| ) | |
| PLAINTIFFS,        ) | |
| ) | CASE NO. |
| VS.                                                            ) | 1:23-cv-00047-JRH-BKE |
| ) | |
| UNIVERSITY HEALTH SERVICES, INC. ) | |
| and PIEDMONT HEALTHCARE, INC.,    ) | |
| ) | |
| DEFENDANTS    ) | |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**Statement of Facts**

Plaintiffs have filed a brief and a supplemental brief in support of the motion to remand, which are hereby incorporated herein by reference. Throughout the Defendants' reply brief to the Plaintiffs' brief in opposition to dismiss, the Defendants do not refer to the well pled allegations in Plaintiffs' complaint that were under oath by the one hundred and seventy-four (174) Plaintiffs and continue to base their defense on the basis that the promised benefits are in some way governed by ERISA, even though this benefit was referred to by the Defendants as a hidden paycheck that would make the benefit exempt from ERISA as a payroll procedure under 29 CFR 2510.1-1(b). All of these Plaintiffs are retirees. Plaintiffs have alleged that they were all employed prior to January 1, 2005 and had thirty (30) or more years of continuous service with University Health Services, Inc. ("University Health"). *See Plaintiffs' complaint, ¶7.* This was part of an employee retention plan and University Health referred to this benefit as a "hidden salary," in that the policy was designed to retain employees, but to pay them later once they qualified for

Medicare. It was also referred to as a "hidden paycheck." *See ¶7 and ¶9 of Plaintiffs' complaint.* The claims for this hidden paycheck are nothing but a breach of contract claims in which Plaintiffs are seeking assurance that these claims will be paid despite the fact that the Defendants have stated that they would voluntarily continue this benefit but not as part of a contract. *See Exhibit "B" to Plaintiffs' complaint.* The Defendants have not produced any written ERISA Plan that includes this benefit or any written procedures that the employees would have to follow if they were in fact denied their contractual right. The Defendants have produced no evidence to show that this was not part of a payroll policy nor have the Defendants produced any documents showing the origin of this policy and the purpose of the policy – all of which would be in their possession. In addition, the Defendants have produced no evidence showing that the Richmond County Hospital Authority still has effective control over University Health  In rulings on a motion to remand where the Defendants sought to remove on ERISA exclusion, this Court has held that the burden of establishing federal jurisdiction is placed upon the Defendants and that removal jurisdiction is construed narrowly with all doubts being resolved in favor of remand. Wallace v. Curwen, 215 WL 510129 (S.D. Ga. 2015). The claims that the Plaintiffs are making are simple breach of contract claims. These would be no different than having an employee work for a month at an agreed rate of pay and then at the end of the month and when the pay is due saying that I am not going to pay you. In this case, the employees agreed to work for thirty (30) continuous years and at Medicare age they would be paid by providing this benefit. Bassiri v. Xerox Corp., 463 F.3d 927 (9th Cir. 2006). The difference is that this benefit is nothing but additional compensation that would be due a group of employees who were hired prior to January 1, 2005 and who continuously worked at University Health for thirty (30) years, at which time they would qualify for a free

Medicare Supplement Policy for the remainder of their lives once they attained Medicare age, which is now generally 65 years.

### Argument and Citation of Authority

I.    **Plaintiffs' claims are not preempted by ERISA**.

On page 5 of the Defendants' supplemental brief, the Defendants cite Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207 (11th Cir. 1999). That case involves an employer, Simply Fashions, providing a new life insurance carrier under their "Summary Plan Description." Butero was an employee and on the day he died the insurance carrier sent the employer letter stating that the insurance carrier was declining their request for coverage and that no contract of insurance existed. The court there dismissed the case on the basis that they relate to an ERISA Plan but allowed the plaintiff's claim to be refiled under ERISA. There is no evidence before the Court that the written promises here that were made to the Plaintiffs were part of any ERISA Plan filed with the United States Department of Labor and there is no evidence before the Court about any written procedures existing for complying with any ERISA Plan. What the Court is faced with here is a simple breach of contract in which the Plaintiffs have all performed their duties and are entitled to certain payroll benefits at age 65 years, which benefit is paid for a Medicare Supplement Policy, and the Defendants are now not willing to state that they would continue to provide those benefits in the future.

The next case cited by the Defendants, Wilson v. Greater Ga. Life Ins. Co., 2015 WL 11549074 (N.D. Ga. 2015), involves an action where the insurance company refused to pay long term disability benefits due under an insurance policy the plaintiff obtained through her employer. In finding that ERISA jurisdiction did exists, the court dismissed the action without

prejudice and gave the plaintiff twenty-one (21) days from the date of the Order to amend her complaint to properly assert claims under ERISA.

On page 6, the Defendants argued that it is absurd for the Plaintiffs to argue that this case does not involve a health benefit. Plaintiffs are arguing that this does not involve a health benefit under ERISA, but involves part of an agreed upon wage and the Plaintiffs have all met the requirements to receive this benefit. In support of this argument that a Medicare Supplement benefit is healthcare, the Defendants cite <u>Chamblin v. Towers Watson Del., Inc.</u>, 2018 WL 10593892 (N.D. Ala. 2018), which involves a *pro se* complaint. In that case, the plaintiff in his *pro se* complaint alleged that *Towers Watson* wrongfully denied his claim for benefits under an insurance reimbursement program. In that case, the defendant paid the *pro se* plaintiff the benefit and the court dismissed the case with prejudice. The facts in that case are entirely different than those in the case at hand.

The next case cited by the Defendants <u>U.S. v. Blue Cross/Blue Shield of Ala.</u>, 999 F.2d 1542, 1545 (11th Cir. 1993), a case where the government sought coverage under the MediGap Policy for reimbursement of costs of services furnished to certain Veterans of the Veterans Administration. The facts in that case are entirely different than those in the case at hand.

**II.     <u>Plaintiffs have standing in the above-captioned case</u>.**

The reason this case is filed is because the Defendants, despite the agreement to pay the benefit, have refused to make a firm commitment that they will continue to pay for this benefit, and have taken the position that they are paying this benefit on a voluntary basis. This has created uncertainty for a group of one hundred and seventy-four (174) individuals or more, who have relied upon this benefit, have completed all of the requirements they were required to perform

4

in order to receive this hidden paycheck, and now are being told that the hidden paycheck may not be paid.

## Conclusion

For the reasons stated herein, this Court should deny the motion to dismiss and remand the case to the Superior Court of Richmond County, Georgia.

This 1st day of June, 2023.

                                              /s/ **John B. Long**
                                              JOHN B. LONG, ESQ.
                                              Georgia State Bar No. 457200

                                              /s/ **Thomas W. Tucker**
                                              THOMAS W. TUCKER, ESQ.
                                              Georgia State Bar No. 717975

                                              Attorneys for Plaintiffs

OF COUNSEL:

TUCKER LONG, P.C.
P. O. BOX 2426
453 GREENE STREET
AUGUSTA, GA  30903
(706) 722-0771
(706) 722-7028 Fax
jlong@tuckerlong.com
ttucker@tuckerlong.com

## CERTIFICATE OF SERVICE

This is to certify that on this date, the foregoing *Plaintiffs' Supplemental Brief in Opposition to Defendants' Motion to Dismiss* was filed with the Clerk of Court in accordance with ECF rules using the CM/ECF system and was served electronically upon counsel for the other parties and by placing a copy of same in the United States Mail with adequate postage thereon, properly addressed to:

Edward H. Wasmuth, Jr., Esq.<br>
Emily E. Friedman, Esq.<br>
Smith Gambrell & Russell, LLP<br>
1105 W. Peachtree Street, NE<br>
Suite 1000<br>
Atlanta, GA  30309<br>
ewasmuth@sgrlaw.com<br>
efriedman@sgrlaw.com

This 1st day of June, 2023.

                                                                                     /s/ **John B. Long**
                                                                                     JOHN B. LONG, ESQ.
                                                                                      Georgia State Bar No. 457200

                                                                                     /s/ **Thomas W. Tucker**
                                                                                     THOMAS W. TUCKER, ESQ.
                                                                                    Georgia State Bar No. 717975

                                                                                    Attorneys for Plaintiffs